UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
GRACE SCODARDI,

               Plaintiff,

  - against -

THE LEVERAGE GROUP, et al.,

               Defendants
---------------------------------------------------X

MEMORANDUM
AND ORDER
08-CV-559 (RRM)

GOLD, S., *United States Magistrate Judge*:

      In this action, plaintiff Scodardi essentially contends that defendants breached certain contracts and made misrepresentations to her in connection with investments. The case was settled after plaintiff moved for entry of a default judgment. Docket Entries 11, 18. Plaintiff Scodardi now moves, on consent, to seal the complaint, amended complaint and affidavit in support of her motion for entry of default.

      As plaintiff recognizes, documents filed with a court are "'presumptively'" subject to public inspection." *U.S. v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir. 1995). The strength of the presumption depends upon "the role of the material at issue to the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 1049. In addition, the presumption applies with greater force to the kinds of documents that are typically filed with a court and made publicly available. *Id.* at 1050.

      The documents at issue here – pleadings and an affidavit in support of a motion seeking entry of judgment – are typically publicly filed and available for inspection. Moreover, although this case settled before the court was called upon to take action, the documents plaintiff now seeks to seal were submitted by her as part the public record of this case six months ago, and

have been subject to public inspection throughout that time. In addition, plaintiff submitted the documents as part of her effort to persuade the court to act on her behalf. Finally, there are no compelling countervailing factors to balance against the presumption of access. I heard argument on the motion today. According to counsel, there are no social security numbers, tax records or similarly private material included in the documents on file with the court.

For all these reasons, plaintiff's motion is denied. To the extent the documents contain home addresses or account numbers that might affect the parties' privacy or subject them to identity theft or similar risks, this ruling is without prejudice to a more limited application to redact such information from the publicly available versions of the documents that have been filed with the court.

SO ORDERED.

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**August 11, 2008**
**Brooklyn, New York**

*U:\Scodardi 081108.wpd*